** Summary **
CONSIDERATION FOR EASEMENTS ON STATE OWNED LAND In light of the applicability of the United States Supreme Court decision in Lassen v. Arizona, 385 U.S. 458,87 S.Ct. 584, 17 L.Ed.2d 515, to Oklahoma, previous Attorney General Opinions dated March 26, 1951 and April 1, 1955, are hereby affirmed, and the Commissioners of the Land Office may not recite as consideration for perpetual easement that the lessee of the land may have the right to use the water free of charge. The Attorney General has had under consideration your request for an opinion wherein you ask the following question: "May a rural water district which is planning to construct a pipeline — across land under the control of the Commissioners of the Land Office recite as consideration for the perpetual easement that the lessee of the land may have the right to use the water free of charge?" We would refer you to Attorney General Opinions covering this subject dated March 26, 1951, and April 1, 1955. In these two opinions the Attorney General held that if any state-owned lands are encumbered by easements, the consideration given for the easement may not be substantially less than the value of the land as established by qualified appraisers. In 1967, the United States Supreme Court in Lassen v. Arizona, 385 U.S. 458, 87 S.Ct. 584, 17 L.Ed.2d 515 held that if any trust lands are obtained by the State, the trust must be actually compensated in money for the full appraised value. In so holding, the Court said that the standard most nearly reproduces the results of the auction prescribed by the Arizona Enabling Act, and most consistently reflects the essential purposes of the grant. The Oklahoma and Arizona Enabling Acts contain similar language. Section 28 of the Arizona Enabling Act states in relevant part: ". . . Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction to be held at the county seat at the county wherein the lands to be affected, or the major portion thereof, shall lie, notice of which public auction shall first have been duly given by advertisement . . . All lands . . . before being offered, shall be appraised at their true value, and no sale or other disposal thereof shall be made for a consideration less than the value so ascertained . . . ." Section in of the Oklahoma Enabling Act states in its relevant parts: "That said sections . . . if sold, may be appraised and sold at public sale . . . preference right to purchase at the highest bid being given to the lessee at the time of said sale . . . That before any of said lands shall be sold . . . the said lands and improvements thereon shall be appraised . . . and the appraisers shall make a true appraisement of said lands at the actual cash value thereof . . . and at said sale no bid for any tract at less than the appraisement thereof shall be accepted . " In light of the applicability of the United States Supreme Court decision to Oklahoma, the previous Attorney General Opinions are hereby affirmed, and your question must be answered in the negative. (Paul C. Duncan) ** SEE: OPINION NO. 92-539 (1992) **